Walter Bernays executed a will in which he devised specific bequests to certain legatees and then provided that his residuary estate be divided into one hundred shares, four of which he devised to the Art Students' League of New York, Inc. His Executor, George B. Wislocki instituted this case by filing his petition in the probate court praying to be instructed as to whether the estate tax should be divided into one hundred parts and prorated equally among all the shares or whether it should be divided into ninety-six parts and prorated equally among all the shares except the four shares willed to appellant. The probate judge found that the tax should be divided into one hundred parts, each share to bear its proportionate part of the estate tax. The judgment of the probate court was on appeal affirmed by the circuit court. This appeal is from the latter decree.
The question presented is whether or not the estate tax (Federal and State) should be borne by the entire estate (one hundred shares) or should be borne by the entire estate less the four shares bequeathed to the Art Students' League of New York, Inc. Stated more concisely, should the estate tax be paid before or after the distribution of the estate and the four shares to the Art Students' League be exempt from any part of it.
Appellant contends that the estate tax should be paid after the distribution. It bases this contention on the fact that the four shares to the Art Students' League of New York, Inc., is a charitable bequest, that *Page 417 
the charitable bequest is to be administered in New York, that under New York law, such bequests are exempt from the Federal Estate Tax, that the beneficiary is a New York charity, the trustee is a citizen of New York, that the charity will profit by having it administered in New York and that the will was drawn and executed in New York.
The foregoing may all be true but the testator was domiciled in Florida so the question raised must be determined by Florida law. Section 162 of the Probate Act is the applicable law and provides that the testator may designate in his will what funds shall be used from the estate to pay estate taxes and other expenses but if no such provision is made, then the Act provides in terms what property shall be used and the order in which it is to be used.
In Y.M.C.A. v. Davis, 264 U.S. 47, 44 Sup. Ct. 291, 68 L.Ed. 558, the Supreme Court held that the Federal Estate Tax was not a succession tax upon the benefits received by devisees and legatees but that it was an excise or death duty upon the transfer of the decedent's estate. It was also held that in providing that bequests to charitable purposes shall be deduced in determining the value of the net estate on which the tax is imposed, the Act does not exempt the recipients of such gifts from the tax if the will imposes it. Consequently if such gifts are residuary and are taken into account in determining the net taxable estate and the amount of the tax, the Act does not prohibit imposing the tax with other costs against the gross estate and satisfying specific devisees in full before the charitable devisees are satisfied.
Article IX of the will directed the Executor to divide the residue of the estate into 100 shares and Articles *Page 418 
X to XVIII provide how all shares shall be distributed. The Art Students' League of New York, Inc., was given four shares but there was no suggestion to the Executor as to what fund should be used to pay estate taxes or other expenses of administration nor was there any suggestion that he desired taxes or any other charges deducted before the residue was determined and distributed.
Neither the Federal Estate Tax law nor the State law prohibits a testator from setting aside charitable bequests before the taxes are paid but if this is not done in unmistakable terms, it will be presumed that the testator intended that it should be set aside in like manner as other bequests and bear its portion of estate taxes and other expenses of administration. In Y. M. C. A. v. Davis, supra, the chancellor held that no such direction having been given in this case, the charitable bequest should bear its part of these expenses and we cannot say that he committed error.
In answer to the question of whether or not the costs of this proceeding should be paid from the proceeds of the estate, it is sufficient to say that Sections 51, 124, and 158 of the Probate Act control this matter. Application for the payment of costs must be made to the probate judge and if he finds that the executor, contestant, or proponent of the will acted in good faith and that his conduct was at all times free from fraud or that the litigated question was vital to the estate or resulted in benefit to it, reasonable and lawful costs may be awarded. The provisions of the Probate Act are in harmony with the general law on the question.
Affirmed.
BROWN, C. J., CHAPMAN and THOMAS, JJ., concur. *Page 419