## In re SHEAF'S WILL (No. 2).

County Judge's Court, Palm Beach County.

October 8, 1953.

Hal H. McCaghren, West Palm Beach, in his own behalf as petitioner.

Edgar G. Newell, West Palm Beach, for the estate of Louisa Sheaf, deceased.

David S. Yoakley, Palm Beach, for the legatees.

RICHARD P. ROBBINS, County Judge.

This cause came on to be heard before me on the petition of Hal H. McCaghren, Esq., for an allowance of attorney's fees and costs in connection with his representation of Lawrence Carl Klose, sole heir at law of the deceased, in certain litigation involving the estate of Louisa Sheaf, deceased, carried on in this court, the circuit court of this county and the Supreme Court.

The last will and testament of Louisa Sheaf, admitted to probate by this court, nominated George A. Sheaf, husband of the testatrix, to be the executor thereof but George A. Sheaf being deceased, upon application letters of administration with the will annexed were granted to Lawrence Carl Klose, the son and only heir at law of Louisa Sheaf. Edgar G. Newell, Esq., represented the administrator as attorney for the estate and subsequently filed a petition on the administrator's behalf for a construction of the will.

The petitioner herein was employed by Lawrence Carl Klose to represent him as the sole heir at law of the deceased and he filed an answer for said heir seeking to have the court construe and declare the residual legacy of the will and contingent legacies contained therein as lapsed, being dependent on a life estate which never vested, and to construe certain described lands of the deceased as a homestead. Had the respondent prevailed in his contention it would have resulted in intestacy as to numerous legacies contained in the will and the estate would have descended to Lawrence Carl Klose as the sole heir at law.

To sustain his right to be compensated for the services he rendered to the administrator in his individual capacity as heir at law, from the assets of the estate, the petitioner has called to the court's attention several Supreme Court decisions including Boyle v. Howe, 177 So. 667, in which the Court held at page 673—"In view of the fact that the construction of the will and of the acts of the executor are primarily for the benefit of the estate, all costs are taxed against the estate." And In re Bernay's Estate, 7 So. 2d 444, where the Court said at page 446—"Application on the payment of costs must be made to the probate judge and if he finds that the executor, contestant, or proponent of the will acted in good faith and that his conduct was at all times free from fraud or that the litigated question was vital to the estate or resulted in benefit to it, reasonable and lawful costs may be awarded."

It is to be noted, however, that this is a case where the main object of the answer filed by petitioner for his client was to have provisions of the will adjudicated ineffective to the end that the administrator would recover the corpus of the estate as the only heir at law contrary to the provisions of the will and adversely to the interests of the legatees named therein.

I am therefore of the opinion that this case falls directly within the holding of the Supreme Court in Smith v. Callison, 12 So. 2d 381, wherein it was held that—"Where the main object of the litigation is to destroy the will and to recover the corpus of the property for the contestants, themselves, contrary to the provisions of the will and adversely to the interests of all persons named therein . . . it cannot be said that such unsuccessful contestants, or their attorney, have 'rendered services to an estate, or the personal representative,' within the purview of the Probate Act." See sections 732.14 and 734.01(2), Florida Statutes Annotated.

It is therefore ordered, adjudged and decreed that the application for an order awarding the petitioner Hal H. McCaghren an allowance of attorney's fees to be paid from the assets of the estate of Louisa Sheaf, deceased, be and the same is hereby denied.