Zion Lutheran Church of Clinton and Immanuel Lutheran Church of Charlotte, appellants, v. Executors of Estate of August F. Lamp et al., appellees.

No. 52413.

(Reported in 149 N.W.2d 137)

364 

MARCH 7, 1967.

 ██ 

Allen & Fishel, of Marion, for objectors-appellants.

Halbach & Halbach, of Clinton, for objectors-appellees.

Shaff & Farwell, of Clinton, for appellee Donald W. Lenz.

BECKER, J.—Appeal from order on final report of executors and objections thereto. The final report revealed that decedent's estate does not have sufficient assets to pay the debts of decedent, expenses of administration, taxes, and all legacies provided in the will. The trial court determined the manner of abatement adverse to objectors-appellants and they appeal. We affirm.

August F. Lamp, age 84, died testate on January 16, 1965. His will, dated September 23, 1963, was duly admitted to probate. After the usual provision for payment of debts in Article I, the will provided in Article II "that my entire estate be converted into cash as soon after my death as may be convenient." In the same Article it bequeaths varying amounts of money to each of 14 named beneficiaries. The first two beneficiaries are the appellants here, Zion Lutheran Church of Clinton, Iowa, and Immanuel Lutheran Church of Charlotte, Iowa. The other 12 beneficiaries under Article II are cousins of testator and appellees in this case. One cousin was bequeathed $25,000, one cousin was bequeathed $10,000, and the other ten and the two churches were to receive $5000 each.

The bequests to the relatives were conditional on their attending testator's funeral, unless the executors found the absence to be absolutely unavoidable. In fact only five legatees managed to get to the funeral but both by specific finding, and by stipulation, the absence of the other six (one had predeceased) was found to be unavoidable. Hence this provision is unimportant except as it might throw some light on testator's intent.

The bequests to the churches were to be in memory of testator's mother, father, sisters and brothers, all of whom are named in that clause.

In Article III testator directs his executors to sell his 235-acre farm to Donald W. Lenz for $100 per acre. The will notes that testator intended to build a $30,000 home on the farm. This article states that Donald W. Lenz is his cousin, has been his guardian, has befriended testator and that the provision in this article is an expression of appreciation to Donald for his many kindnesses to testator. Donald was also named the sole residuary legatee.

Besides the 235-acre farm the estate consisted of another 40 acres, sold by the executors for $18,200, and personalty in the form of the guardianship account and bonds totaling $77,877.

The total estate valuation considering the 235 acres at $100 per acre was $119,912, but for estate tax and inheritance tax purposes the 235-acre farm was appraised at $450 per acre. The result was a substantially higher valuation for tax purposes. The federal estate tax (as now computed) is $30,653. The debts of decedent and costs of administration total another $15,501.

Thus the executors, after paying some $46,154 in taxes, debts and costs are left with only $73,758 to pay the $95,000 in legacies mentioned in Article II. Obviously there are no funds upon which the residuary clause will act.

The executors in their final report proposed that the legacies contained in Article II, totaling $95,000, should abate pro rata except that the two religious organizations should not have their share reduced. Each individual would receive about 75 percent of his legacy minus Iowa inheritance tax. The full abatement burden would be borne by the individual shares of the cousins named in Article II. The court approved of all of the proposed

actions except that it ordered the two churches be included in the abatement to be borne by all legatees under Article II. It is from this action that the appellant churches appeal.

There were other objections to the final report; principally an effort to impose the tax burden on Donald W. Lenz. These objections were resolved in favor of Donald W. Lenz. Appellants do not advance propositions for reversal on these points. They are therefore not considered here. Rule 344(a)(4), Rules of Civil Procedure.

The narrow point before us is: Did the court err in deciding that the bequests to the two churches should abate along with the shares of the individual legatees?

■ This matter arises under the new Iowa Probate Code, chapter 633, Code, 1966. Under section 633.33 these proceedings are equitable in nature.

■ I. Appellants' first proposition is that the bequests to them under Article II of the will are specific bequests. This is not correct. The bequests of specific amounts of money, the source of which is not specifically identified, are general pecuniary legacies. In re Estate of Van Wechel, 241 Iowa 513, 41 N.W.2d 694.

■ "A specific bequest or legacy is defined in some of the cases as a designated article or specific part of the testator's estate which is identified and distinguishable from other things of the same kind, which may be satisfied by delivery of the specific thing or portion. It may be looked upon as one which the testator has separated from the general mass of his property for the benefit of a particular legatee; and in ascertaining whether a legacy is specific, recourse should be had to the intention of the testator, and this should be gathered from the language used in creating it, in the light of the circumstances of the testator and the property which he is disposing of in his will. * * * A general legacy is defined as one which is payable out of the general assets of a testator's estate, such as a gift of money or other things in quantity, and not in any way separated or distinguished from other things of like kind. 28 Ruling Case Law 291. Between the two, and partaking of the nature of both, are demonstrative legacies, as where testator intended to make a

gift in the nature of a general legacy, but it is given with reference to a particular fund, as a primary source of payment. 28 Ruling Case Law 292." Leighton v. Leighton, 193 Iowa 1299, 1313, 188 N.W. 922.

See also 96 C. J. S., Wills, section 1129, page 890; 57 Am. Jur., Wills, section 1402, pages 936, 937.

II. Appellants' next argument is really twofold. They contend that under federal law, 26 U. S. C. A., sections 2051, 2055 (federal estate tax provisions), and under Iowa Code, 1966, section 450.4, religious organizations are specifically exempted from federal estate taxes and Iowa inheritance taxes respectively; since the testator is presumed to know the law, the trial court's result, which in effect makes these organizations pay a share of the tax, defeats the declared policy of those two legislative bodies and defeats the testator's intent.

The Iowa inheritance tax law has no relevancy to this problem. The inheritance tax matters are separately computed and assessed on individual shares. Appellants, being exempt, have not paid and are not expected to pay inheritance tax on their bequests. We do not view section 450.4, Iowa Code, 1966, as statement of general legislative policies under all circumstances, but rather as a delineation of permissible inheritance tax exemptions within the context of the chapter in which it is placed.

III. Appellants' interpretation of the federal law is not in accord with that of the Supreme Court of the United States. In Y. M. C. A. et al. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 292, 68 L. Ed. 558, a similar, but not identical, problem was faced. There the charitable organizations were residuary legatees. The estate tax was computed on bequests to persons other than the residuary legatees. These bequests were in an amount sufficient to require payment of $31,000 federal estate tax. The executor then asked for instructions. Was that payment to be charged to the residuary clause, or to the bequests to the legatees whose shares occasioned the tax? The Ohio court held that the share was to be charged to the residuary clause, even though no part of the residuary assets occasioned the tax. The United States Supreme Court agreed.

"Congress was thus looking at the subject from the standpoint of the testator, and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. Congress was in reality dealing with the testator before his death. It said to him: 'If you will make such gifts, we'll reduce your death duties and measure them not by your whole estate but by that amount, less what you give.' * * *

"There is nothing in subdivision (3) of §403 which exempts the recipients of altruistic gifts from taxation; it only requires a deduction of them in calculating the amount of the estate which is to measure the tax. It exempts the estate from a tax on what is thus deducted, * * *." .

Thus in Y. M. C. A. et al. v. Davis, supra, the estate taxes were paid wholly out of moneys that otherwise would have gone to charitable organizations even though the bequests to such organizations occasioned no part of the tax. A similar conclusion was reached in In re Bernay's Estate, 150 Fla. 414, 7 So.2d 444, 140 A. L. R. 830. See also annotation in connection therewith, 140 A. L. R. 833.

This conclusion would seem to be reinforced by U. S. C. A. section 2055(c). "Death taxes payable out of bequests.—If the tax imposed by section 2001, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequest, legacies, or devises reduced by the amount of such taxes."

Congress seems to have contemplated that under certain circumstances charitable and religious legacies would be reduced by payments of taxes out of funds otherwise exempt. It is noted that this section was added to the Internal Revenue Code in 1932 after Edwards v. Slocum (1924), 264 U. S. 61, 44 S. Ct. 293, 68 L. Ed. 564, decided the day before Y. M. C. A. et al. v. Davis, supra. Both cases state that what is taxed by the federal estate

tax, is "not the interest to which some person succeeds on death, but the interest which ceased by reason of the death." A further discussion of this matter is found in the 140 A. L. R. annotation noted supra, at pages 834 and 835.

We note that the trial court's opinion and this opinion will undoubtedly require a recomputation of the federal estate tax with an upward revision. This is contemplated by U. S. C. A. section 2055(d) and will be accomplished by appropriate formula. This result is not unusual, Harrison v. Northern Trust Co., 317 U. S. 476, 63 S. Ct. 361, 87 L. Ed. 407, and has no bearing on our decision.

■■ IV. We are therefore controlled by our Iowa law in relation to abatement. As far as is applicable here our Probate Code, section 633.436, provides:

"General order for abatement. Except as provided in section 633.211, shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, * * * without any preference or priority as between real and personal property, in the following order: * * *

"3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will; * * *."

The legislature has not seen fit to give charitable or religious organizations special treatment in section 633.436. While the result may appear incongruous from the standpoint of the legatee, we perceive that there might well be sound policy reasons for not changing the situation when the matter is viewed from the standpoint of the testator and the state. The change, if any, should be legislative. It is not our province to add to the foregoing order of abatement by judicial interpretation.

In this respect our conclusion must differ from that of the New York courts. There the legislature has spoken on the subject and the results might well be different under given fact situations. To that degree the New York authorities cited by appellants are not persuasive here. See In re Blumenthal's Estate (1943), 182 Misc. 137, 46 N. Y. S.2d 688; Application of Schmidlapp et al., 47 N. Y. S.2d 652.

V. Iowa Code section 633.437 provides: "Contrary provision as to abatement. If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section 633.436, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator." Acts 1963 (60 G. A.) ch. 326, §437.

Appellants earnestly contend that the testator intended that these religious organizations should not have their bequeathed amount reduced by taxes. They cite the recommendation of the executors, one of whom was referred to in the will itself as testator's lawyer; the recitation that the bequests were in memory of testator, his parents and brothers and sisters; and the circumstance that testator's lack of close association with his cousins is indicated by the fact that he did not know the correct spelling of several of the cousins' names.

All of these factors taken together do not overcome the terms of the will wherein testator treated all beneficiaries alike, except for amounts bequeathed. Two cousins were favored by substantially raised amounts. None of the beneficiaries under Article II was otherwise given any special treatment nor was there evidence of intent to do so. The will favored Donald W. Lenz. It is he who received the favored treatment under the trial court's judgment. We think this is the only clear intent of preference to be gathered from the instrument itself. No other evidence of intent is in the record. Hence the statutory rules were correctly applied.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.