In the Matter of the **ESTATE** of Nora HOAGLAND, Deceased.

Gilbert S. JAMES, Executor, Appellee,

v.

Earl HOAGLAND et al., Appellees,

Robert Willis et al., Appellants.

No. 55286.

Supreme Court of Iowa.

Jan. 17, 1973.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellants.

James, Greer, Hoover, Nelson & Bertell, Spencer, for appellee executor.

Ronald R. Barrick, Spencer, for appellee Betty Capener.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

In this appeal we must decide a question of abatement for payment of federal and state estate taxes and costs of administration.

Comprehension of testatrix' intent requires that most of her will be set out:

ITEM I. I first direct the payment of my just debts and expenses of my last illness and burial.

ITEM II. I direct the payment of the following enumerated specific bequests:

A. My home residence located in Ruthven, Iowa, shall go to and be the

property of whichever son of mine desires to use the said property as his permanent home and residence. I make this provision, knowing that my two sons will mutually determine and agree with relation to this bequest without difficulty or problem. The son not taking the home residence hereunder shall receive as a bequest a sum equal to the valuation of said home as fixed and determined by the inheritance tax appraisers.

B. I bequeath the sum of Two Thousand Dollars ($2,000.00) to my following named grandchildren: Robert Willis, Sally Schmelze, Paul Willis, Carol Willis and Jim Willis.

C. I bequeath the sum of One Thousand Dollars ($1,000.00) to the Methodist Church at Ruthven, Iowa.

D. I bequeath my electric Hammond Organ to Brenda Capener and Cynthia Capener, daughters of my granddaughter, Betty Capener.

E. It is my wish and I now direct that my personal effects, consisting of furniture, antiques, jewelry, clothing, linens and dishes be divided among my two sons and my granddaughter, Betty Capener, as fairly and equally as can be, having full confidence in the fairness of each of them. I have from time to time received gifts from my sons and my granddaughter, Betty Capener, and it is my wish that said gifts be returned to the donor wherever possible. It is my further wish that antique dealers be contacted in relation to disposition of property not divided as herein set forth and any remaining property may be sold or disposed of as they may determine.

F. I bequeath the sum of Five Thousand Dollars ($5,000.00) to my husband, Earl Hoagland, if living. I intend this bequest not to be interpreted as a lack of respect or affection for my said husband, but rather this request is made because my said husband has requested that no further bequest be made because

of his own estate property. I further provide that my husband, Earl Hoagland, shall have the right and privilege to occupy one of our residences located in Ruthven, Iowa, together with furniture and fixtures as may be required, for so long as he shall live, all at his election.

G. I bequeath a sum equal to one-fourth (¼) of the rest, residue and remainder of my estate to my granddaughter, Betty Capener, my having raised the said granddaughter since she was three years of age.

ITEM III. I devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of every kind and description and wherever situated, to my sons, Lyle Willis and Lester Willis, share and share alike and absolutely.

In Item IV testatrix appointed the executor of the will.

The estate is large, and estate taxes and administration costs will be substantial. The executor and devisees petitioned the trial court to determine which devises abate to pay those charges. The devisees in Item III claim that Item II–G abates to pay one-fourth and Item III abates to pay three-fourths. The devisee in Item II–G, Betty Capener, contends Item III abates to pay all of those charges.

Two basic questions are involved. What are our rules on abatement? What kind of devise is Item II–G?

I. *Abatement.* "Abatement" means the reduction of gifts in a will because of insufficiency of assets to pay all debts, charges, and gifts in full. In re Estate of Hartman, 233 Iowa 405, 9 N.W.2d 359. The term "charges" in Iowa "includes costs of administration, funeral expenses, cost of monument, and federal and state estate taxes." Code, 1971, § 633.3(4). "Devise" includes a gift of personal property as well as real property. § 633.3(11). "Bequest" includes devise. § 633.3(3).

The devisees in Item III cite cases from other jurisdictions holding that a devise of an undivided portion of an estate must bear its proportionate share of estate taxes and administration costs. E. g., Wells v. Menn, 158 Fla. 228, 28 So.2d 881. We need not say whether we would follow such decisions if we had no statute on the subject, for we have a statute which governs abatement. In re Estate of Tedford, 258 Iowa 890, 893, 140 N.W.2d 908, 910 ("The general order for abatement for payment of debts and charges, federal and estate taxes, etc., is set out in section 436 of the Iowa Probate Code"); Zion Lutheran Church v. Executors of Lamp, 260 Iowa 363, 149 N.W.2d 137; Bergren v. Estate of Mason, 163 N.W.2d 374 (Iowa); In re Estate of Miguet, 185 N.W.2d 508 (Iowa); In re Estate of Noe, 195 N.W.2d 361 (Iowa). Our abatement statute provides in § 633.436, Code, 1971:

Except as provided in section 633.211 [not applicable], shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, legacies, the shares of children born or adopted after the making of a will, or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:

1. Property not disposed of by the will;

2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

4. Property specifically devised, except property devised to a surviving spouse who takes under the will;

5. Property devised to a surviving spouse who takes under the will.

A general devise charged on any specific property or fund shall, for purposes of abatement, be deemed property specifically devised to the extent of the value of the property on which it is charged. Upon the failure or insufficiency of the property on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

The last part of § 633.436—devises charged on specific property—is not involved here. The parties do not argue and we do not think that § 633.437 has any bearing on the case.

■ We do not have an affected surviving spouse here, so those portions of § 633.436 may be put aside. Testatrix died completely testate, so paragraph 1 is not involved. The case thus comes down to paragraphs 2, 3, and 4. Under those paragraphs a residuary devise abates first, a specific devise abates last, and a devise which is neither residuary nor specific abates after a residuary devise but before specific devises. These would normally be general devises. Zion Lutheran Church v. Executors of Lamp, 260 Iowa 363 at 366–367, 149 N.W.2d 137 at 139–140.

Item III of this will is plainly a residuary devise. The problem relates to Item II–G. Is that devise residuary, specific, or neither? The devisees in Item III claim, of course, that Item II–G is a residuary devise as to them, while Betty Capener denies that claim. If the Item III devisees are right, Betty Capener's devise must bear its pro rata share of the taxes and costs in question, or 25 percent. Otherwise, Item III must bear all of those taxes and costs.

■ II. *Nature of Item II–G Devise.* A testator by his will determines the nature of a devise, and in reading a will the object is to ascertain the testator's intent. As stated in In re Estate of Tedford, 258 Iowa 890, 893, 140 N.W.2d 908, 911:

The cardinal and governing rule in the construction or interpretation of a testa-

mentary disposition, we have said repeatedly, is the intention of the testator. In re Estate of McCulloch, supra [243 Iowa 449, 52 N.W.2d 67]. Therein we pointed out that intention must not be ascertained from a single part or paragraph of the will, but the instrument must be read and considered as a whole, each part in connection with every other part and with the entire will, and each part given meaning and operation if possible.

■ The court has stated that a residuary devise is "the disposition of that which is left after satisfaction of the debts, expenses of administration, and the specific and general bequests, or as sometimes said, that not otherwise disposed of." In re Estate of Hartman, 233 Iowa 405, 410, 9 N. W.2d 359, 363. And the court stated in Nichols v. Swickard, 211 Iowa 957, 959–960, 234 N.W. 846, 847, "The general, ordinary, and usual signification of the term 'residuary estate' is what remains after the debts, expenses of administration, legacies, and satisfaction of devises have been made. The purpose of such clause is to make a complete testamentary disposition of the testator's estate, so that no part of it may be left to pass as intestate property." See also 57 Am.Jur. Wills § 1415 at 946–947; 96 C.J.S. Wills § 796 at 215.

■ A specific devise, on the other hand, is a gift of "a designated article or specific part of the testator's estate which is identified and distinguishable from other things of the same kind, which may be satisfied by delivery of the specific thing or portion." Leighton v. Leighton, 193 Iowa 1299, 1313, 188 N.W. 922, 929. See also Zion Lutheran Church v. Executors of Lamp, 260 Iowa 363, 149 N.W.2d 137; 57 Am.Jur. Wills §§ 1401–1402 at 935–937; 96 C.J.S. Wills § 1129 at 890. Testatrix' gift of her Hammond Organ in Item II–D is a good example.

■ The definition of a specific devise rules out Item II–G as such a gift. That devise is not of a specific thing. The inquiry narrows, therefore, to (a) residuary devises and to (b) devises which are between residuary and specific. Into which of those two classes does Item II–G fall?

We think this case presents an unusual situation in which Item II–G is to be regarded differently with respect to different parts of the will—first, with respect to Item II–A through II–F, and second, with respect to Item III.

■ We first consider Items II–A through II–F. In those devises testatrix gives her home specifically, $8,000 generally, her electric organ specifically, and her personal effects specifically. This done, in Item II–G she devises one-fourth of the rest, residue, and remainder of her estate to Betty Capener. We think that as between the devises in Item II–A through II–F, on the one hand, and Item II–G, on the other, Item II–G would abate first. To that extent, we find testatrix' intent to be that Item II–G is subordinate.

Then we consider Item III, a separate item in which testatrix. devises the rest, residue, and remainder of her estate. Did testatrix intend that Item II–G and Item III should stand on the same footing as to each other—that *as between those two devises*, both are residuary? We think not.

■ Why did testatrix place the gift to her granddaughter in separate Item II containing the particular gifts? Did she not thereby indicate that such gift is subordinate only to the gifts in Item II–A through II–F, but is to be fulfilled before Item III? If she had intended that Item II–G and Item III are to stand on the same footing, why did she state Item II–G separately? Would she not in Item III simply have given all the rest, residue, and remainder "one-fourth to Betty Capener and three-eighths each to Lyle Willis and Lester Willis", or at least have started Item III with the words, "The other three-fourths of the rest, residue, and remainder I devise", etc.?

Consistent with this view are particular expressions in the will. *Within Item II itself* testatrix clearly intended Item II–G to come out of what was left over after Items II–A through II–F were fulfilled, as shown by the words, "one-fourth (¼) of the rest, residue and remainder". But *as between Item II and Item III of the will,* testatrix must have regarded the Item II gifts as particular ones, for at the beginning of that item she denominates those gifts, including Item II–G, as "specific bequests"—meaning specific, no doubt, in the sense of particular gifts as distinguished from a residuary gift, since only three of the gifts in Item II would qualify technically as "specific bequests."

Finally, our view of this will accords with the definition of a residuary devise and the facts in In re Estate of Hartman, 233 Iowa 405, 9 N.W.2d 359. The facts there were very like the present ones. Item II of the will gave Ida M. Hartman the homestead specifically and "one-third in value of all the rest, residue and remainder of all the property". (Ida M. Hartman was the surviving spouse, but that did not bear on the classification of the devise.) Item III specifically gave certain stock in trust for others. Item IV gave nephews and nieces "all the rest, residue and remainder of all the property". This court said, "It is well to bear in mind that the general legacy to the wife in Item II of one-third the testator's property other than the homestead is not a residuary bequest in the accepted sense." 233 Iowa at 410, 9 N.W.2d at 362–363. The court held, "The bequest to the wife of the home in Item II is a specific devise. *The remaining provision in Item II for the benefit of the widow is a general legacy.*" (Italics added.) Id. at 408, 9 N.W.2d at 361. Applying that language here, the gift to Betty Capener is not, as to Item III, a residuary devise in the accepted sense. It is a general legacy.

We have already quoted the Hartman definition of a residuary devise. The definition ends that such a devise is the disposition of "that not otherwise disposed of." 233 Iowa at 410, 9 N.W.2d at 363. Those quoted words more nearly fit Item III in the present will than Item II–G.

 The only two items involved in the present abatement problem are Item II–G and Item III. As between those two items, we hold that Item III is the residuary devise and must abate alone for the estate taxes and administration costs.

Affirmed.