In re Estate of M. Carey Lea, Deceased.   Appeal of Eva L. Lea.

*Decedents' estates—Collateral inheritance tax—Annuity—Devise.*

Where testator devises land to his son's wife, and directs that the devisee shall pay out of the rents and profits of the land the sum of $2,000 a year unto his stepdaughter in equal quarterly payments, and further directs that "all the bequests of money in this will made are to be paid without deductions for state tax," the annuity is chargeable with the collateral inheritance tax, and there appearing no intention in the will to distinquish the bequest in money payable at stated periods out of the rents and profits of the land from bequests of round sums of money, such tax on the annuity must be paid out of the residuary estate.

Argued Jan. 12, 1900. Appeal, No. 130, Oct. T., 1899, by Eva L. Lea, from decree of O. C. Phila. County, April T., 1898, No. 468, dismissing exceptions to adjudication. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*John G. Johnson,* for appellant.—If the commonwealth is entitled to a tax upon the testamentary provision in favor of Miss Bakewell, and if, under the provisions of the will, this must be paid by some one other than herself, the payment must be by the devisee of the real estate out of the rents of which the provision is made payable: Act of May 6, 1887, P. L. 79.

The testamentary provision in favor of Miss Bakewell is not a "bequest of money" within the meaning of the will: Gaskin v. Rogers, L. R. 2 Eq. 291; Delaney v. Van Aulen, 84 N. Y. 16; Horton v. Cook, 10 Watts, 124; Ward v. Grey, 26 Beaven, 485; Morgan v. Pope, 7 Coldw. (Tenn.) 541.

The payment to Miss Bakewell being directed to be made out of rents thereafter to accrue is not an estate passing from the testator liable to collateral inheritance tax: Williamson's Est., 153 Pa. 508.

*A. T. Freedley,* for Anna Lea Bakewell, appellee.—Under the terms of the will the appellee, Anna Lea Bakewell, is not liable for the tax: Smith v. Davis, 1 Grant's Cases, 158; Bispham's Est., 19 Phila. 155.

If any tax at all is payable, the decree of the court below imposed it upon the proper party: Act of April 10, 1849, P. L. 571; Act of May 6, 1887, P. L. 79; Howell's Est., 147 Pa. 166; Del Busto's Est., 19 Phila. 113; Act of February 24, 1834, P. L. 84.

*Francis A. Osbourn,* with him *John C. Grady* and *John P. Elkin,* attorney general, for appellee.—The annuity, not the method by which it is produced, is the subject of the tax: Act of May 6, 1887, P. L. 79; Act of February 24, 1834, P. L. 84.

The annuity is an estate within the meaning of the act: Bispham's Est., 24 W. N. C. 79; Thomson's Est., 5 W. N. C. 14; Dos Passos on Inheritance Tax (2d ed.), 266; Shippen v. Burd, 42 Pa. 461; Holbrook's Est., 20 W. N. C. 79; Nieman's Est., 131 Pa. 346.

OPINION BY MR. JUSTICE DEAN, February 5, 1900: .

M. Carey Lea of Philadelphia, died March 15, 1897; he was possessed of a very considerable estate, which he disposed of by will. Among many legacies and devises occurs this one:

" I give and devise to Alice V. A. Lea, wife of my son, George H. Lea, for her life, and thereafter to the children of my said son, their heirs and assigns, share and share alike, the following properties, namely:

" The house, stable and land at Chestnut Hill, Philadelphia, and the Oxford Market at the corner of Oxford and Twentieth streets in the same city, provided that she and they shall pay out of the rents and profits thereof the sum of two thousand (2,000) dollars a year unto my stepdaughter, Anna L. Bakewell, for the term of her life, in four equal quarterly payments, the first payment to be made three months after my decease."

Then, further on, comes this direction: "All the bequests of money in this will made, are to be paid without deductions for state tax."

To his wife, Eva, this appellant, he gives his residuary estate, and appoints her executrix. Three questions were raised in the court below for adjudication: 1. Was the annual sum payable to Anna L. Bakewell subject to the collateral inheritance tax? 2. Was the bequest to her one of "money," which, within the meaning of the will, was to be paid without deduction for state or collateral inheritance tax? 3. If payable without deduction, then who shall pay the tax, the devisee of the land which is the source of the rents and profits out of which the $2,000 is payable, or the executrix and residuary devisee?

Is the gift to Anna L. Bakewell subject to the tax? She was a collateral, the stepdaughter of testator; the land out of which issued the rents to pay the legacy was devised to Mrs. Lea, the wife of testator's son, and the devise to her was, by the express terms of the act, exempt from the tax; but, the bequest to Anna L. Bakewell lessened the value of the devise

by just the value of the legacy, whether the latter be called income or annuity; and Anna L. Bakewell, whatever be the nature of the bequest or the character of the gift, took it by the will of the testator, as to whom she was collateral; she does not take from Mrs. Lea, the devisee of the land, but under the will of her stepfather. The statute says: "All estates, real, personal and mixed, of every kind whatsoever," shall be subject to the tax. These words are broad enough to include the bequest to the collateral legatee, even though payable by the devisee of the land out of its future rents. The exact nature or definition of the bequest might become important in a disputed descent; but, whether clearly taxable depends upon a construction of the taxing statute.   2. If taxable, was the bequest one of "money" within the meaning of the will, and as such, not to be lessened by a deduction of the tax? The direction is, that the devisees "shall pay out of the rents and profits thereof, two thousand dollars a year unto my stepdaughter, Anna L. Bakewell, for the term of her life, in four full quarterly payments, the first payment to be made three months after my decease." There are twenty-two paragraphs in the will which devise real estate, and twelve, money and personal property. Obviously, the testator intended by the words, "bequests of money," to distinguish the bequests in dollars from those giving specific personal property, and the specific devises of land. There is no intention apparent to distinguish a bequest in money payable out of the rents and profits of land semiannually from the bequests of round sums out of his residuary estate. As the bequest to Anna L. Bakewell was money, $2,000 annually, we hold that, under the direction in the will, there should be no deduction from it of the tax.   3. As concerns the beneficiary, therefore, under the will, she takes without deduction, but under the law the bequest is taxable; who shall pay? The argument of appellant, that the will does not in express terms direct who shall pay, while the statute does so direct, is not without plausibility. The act of 1887 says: "Whenever such legacy shall be charged upon or payable out of real estate, the heir or devisee, before paying the same, shall deduct therefrom at the rate aforesaid, and pay the amount so deducted to the executor." But this simply provides a method of collection when by law the tax is payable by the collateral legatee or

devisee; it would be a strained construction to hold, that it was applicable to a lineal devisee; in this case it would impose the tax upon the wife of the son and his children, who by the first section of the act are exempt. The machinery by which payment of the tax can be enforced under this section applies only where the devise is to a collateral. It does not fit this case, where the devise is to a lineal, subject to the payment of a charge to a collateral, which charge the testator directs shall be paid to the collateral without deduction. Without doubt, he could have imposed this additional burden upon his lineal devisee, but such an improbable intent must appear by plain expression, and not by doubtful inference. Neither the statute nor the will imposes the burden upon the lineal devisee; it is a bequest in money, not subject to deduction for the tax. Then, where does the burden fall? We answer, on the residuary estate, the same as the bequest of $250 to his servant, Charles Hopham, and like bequests. The executrix assumed, that the tax on this and other bequests of round sums in money was to be paid out of the residuary estate, and accordingly paid it. That this bequest in money was only payable annually out of rents coming from a particular source has no controlling significance; his general intent, that the residuary estate shall pay the tax, is sufficiently clear to constrain us to so hold.

The judgment is affirmed.