In re Estate of Jones O. Johnson.

Carrie Caldwell et al., Appellees, v. Marie Walker Dean, Individually and as Executrix, Appellant.

No. 43136.

October 15, 1935.

Gilmore, Moone & Bannister, for appellant.

Ernest R. Mitchell, for appellee Carrie Caldwell.

Jo R. Jaques, for appellee Etta McCreery.

Hamilton, J.—The provisions of the will necessary to a consideration of the question involved are as follows:

"FIRST. I direct that all of my just debts, including expenses of my last sickness and burial and administration of my estate, and also including suitable markers for the grave of my deceased wife and myself, be paid out of my estate *as hereinafter directed.*

"SECOND. I give, devise and bequeath to Myrtle Walker, sister of my deceased wife, and Marie Walker Dean, in equal shares, share and share alike, one-half (½) *of my gross estate,* real, personal, and mixed, including all property coming to me from the estate of my deceased wife.

"THIRD. *After* the payment of the bequests in Paragraph Second in this will provided, I direct that all of my debts, including any debt of contingent liability, expenses of administration, and all *charges* against my estate of taxes, *including inheritance taxes, be paid out of the remaining one-half* (½) *of my estate,* and the remainder after the payment of said debts and expenses shall be divided as follows:

"Five Hundred ($500.00) Dollars to the son of my deceased sister Mary; and

"Five Hundred ($500.00) Dollars to the daughter of my deceased sister Mary.

"It being my intention that if either or both of said beneficiaries last named shall be dead at the time of my decease, then the bequest to them shall go to their heirs.

"FOURTH. All of the rest of my estate, not hereinbefore bequeathed, I direct shall be divided, share and share alike, between my two sisters, Carrie Caldwell of Ottumwa, Iowa, and Etta McCreery, of Mexico, Missouri." (Italics ours.)

The intention of the testator is the chief corner stone in construing wills. If by taking the will by its four corners and considering it in all its parts, the testator's real intent and purpose can be ascertained, it is the duty of the court to carry out that intent in so far as possible in harmony with law and other established canons of construction. Where the language of the will is unambiguous, this intent must be found in the words used. The intention must be that which is manifest from the express language or by necessary implication. 69 C. J. page 59, paragraph 1119.; Westerfelt v. Smith, 202 Iowa 966, 211 N. W. 380; Harvey v. Clayton, 206 Iowa 187, at page 190, 220 N. W. 25; Gilmore v. Jenkins, 129 Iowa 686, 106 N. W. 193, 6 Ann.

Cas. 1008; In re Estate of Freeman, 146 Iowa 38, 124 N. W. 804; Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N. W. 512; In re Estate of Beaty, 172 Iowa 714, 154 N. W. 1028; In re Estate of Condon, 167 Iowa 215, 149 N. W. 264; Olson v. Weber, 194 Iowa 512, 187 N. W. 465, 27 A. L. R. 1370; Spaan v. Anderson, 115 Iowa 121, 88 N. W. 200; Richards v. Richards, 155 Iowa 394, 136 N. W. 132; Webb v. Webb, 130 Iowa 457, 104 N. W. 438; Podaril v. Clark, 118 Iowa 264, 91 N. W. 1091; Steiff v. Seibert, 128 Iowa 746, 105 N. W. 328, 6 L. R. A. (N. S.) 1186; Todd v. Stewart, 199 Iowa 821, 202 N. W. 844; Bradford v. Martin, 199 Iowa 250, 201 N. W. 574; Dickerson v. Morse, 200 Iowa 115, 202 N. W. 601.

It is the contention of appellees that although the testator in the third paragraph of his will stated "that all of my debts, including any debt of contingent liability, expenses of administration and all charges against my estate of taxes, *including inheritance taxes,* be paid out of the remaining one-half of my estate," this was not sufficient to relieve the legacies provided by the second paragraph of the will from the payment of the inheritance tax. Appellees' contention in a nut shell as expressed in their brief is:

"Having failed to direct the payment of inheritance taxes on all legacies; or that such devices should be free from any deduction, we argue and submit to this court that all that paragraph three says and all that testator intended was that all taxes *that were a charge against his estate should be paid.* Inheritance tax is not a tax or charge against the estate of a decedent or the property itself, but is levied against the legatee or devisee and is a tax on the right of succession."

That inheritance taxes are succession taxes and are imposed by statute upon the transferee or distributee, not on the property, but on the right of succession to the property, and is in no sense a charge upon the estate is well established. In re Estate of Annis, 195 Iowa, 493, 192 N. W. 245; In re Estate of Thompson, 196 Iowa 721, 195 N. W. 250; In re Estate of Meinert, 204 Iowa 355, at page 358, 213 N. W. 938.

The duty of collecting or deducting from the share of the person receiving the property the amount of the tax and paying the same to the state treasurer is by statute imposed upon the

executor or administrator of the estate. Section 7358, 1931 Code of Iowa.

It was the finding of the lower court "that inheritance taxes are in the nature of a succession tax and are payable by the legatees, and that said Jones O. Johnson could not charge the estate or the interest of other legatees with the inheritance tax which would be due the State of Iowa from Marie Walker. Dean and Myrtle Walker as legatees under said will." With the conclusion thus reached by the trial court, we are unable to agree.

"Any person of full age and sound mind may dispose by will of all his property, subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by law to the surviving spouse, except sufficient to pay his debts and expenses of administration." Section 11846, 1931 Code of Iowa.

There being no statutory restrictions or prohibition in regard to the matter, undoubtedly the testator may by will designate out of what fund or part of his estate inheritance taxes shall be paid. That is to say, the testator may provide that the donees or legatees shall take the legacies or devices unburdened by the tax or free from the tax and impose the duty of sustaining the burden of the succession tax or inheritance tax on some other division or part of his estate. Hence, a direction in the will that the residuary estate be used to pay the inheritance taxes *on all legacies* will be followed. This direction must be by clear, express language or by necessary implication. However, no special form of words is necessary. The testator's intention, as manifest by the language of the will, is to govern. 61 C. J. page 1688, paragraph 2548.

It is quite true that the testator may not relieve, annul, or do away with the statutory obligation of paying the tax on the right of succession to the property, but as to who shall pay this tax or meet this obligation, the matter is clearly within the legal right of the testator to specify. In re Lea's Estate, 194 Pa. 524, 45 A. 337; Isham v. New York Assn. for Improving the Condition of the Poor, 177 N. Y. 218, 69 N. E. 367, 368. This New York case arose under a transfer tax which is a succession tax, and involved the question whether the testator, having made certain various specific bequests, could then provide for the pay-

ment out of the residuary estate of any and all transfer and inheritance taxes that might be imposed or become due upon any of the legacies theretofore made. The court below ordered that the transfer tax be paid out of the residuary estate and the judgment was affirmed upon appeal. The New York court said:

"Upon the merits of this controversy, I do not think any reasonable doubt can be entertained as to the correctness of the determination made below. Whether we regard the intention, as exhibited by the comprehensiveness of the language used by the testatrix in directing the payment of 'any and all transfer or inheritance taxes' out of her residuary estate, or whether we regard the effect and nature of the exercise by her of the power of appointment, it must be very clear that the appointees of the fund were to take their shares thereof without diminution through imposition of federal or state taxes upon the transfer. * * * A legacy is a disposition of personal property by will, and, when this testatrix directed her executors to pay the transfer taxes that might be imposed upon any of the legacies which she had made, she meant, and she must be assumed, in law, to have meant, all the preceding dispositions by her, whether of the trust fund or of her individual estate." This same rule has been followed in England for many years. See extended note in 51 A. L. R. 454 et seq.

We find no statutory limitation in this state upon the right of disposal of property by will which would prevent the testator from enlarging a devise or legacy by providing in his will that the inheritance tax on the right of succession of said legacy should be paid out of a residuary fund and the devise or legacy passed to the taker duty free. Where the will is silent on the subject of payment of inheritance taxes, then, of course, the statute not only determines the matter of liability, but likewise the person who shall meet the liability. Section 7358, 1931 Code of Iowa; 26 R. C. L. 228.

Having determined the right of the testator to direct by will that the inheritance tax shall be paid out of the residuary estate, where the direction is made to appear by clear and express words or necessary implication, let us turn to the language of the will in question. It seems to us that unless we are to do violence to the well-established canon of construction, namely, "to give effect, if possible, to all the provisions of the will," we must find

that the testator intended the payment of all inheritance taxes should come out of the residuary estate. Appellees by laying especial stress and emphasis upon the word "after" at the beginning of paragraph 2 and the word "charges" in paragraph 3 seek to give to these words a strained and unnatural meaning, taken in connection with the other language in the will. Appellee's construction or interpretation of the will overlooks entirely the words "gross estate" as used in paragraph 2, and the words "including inheritance taxes" as used in paragraph 3 of the will. The language should be given its ordinary meaning when used by the testator. In the settlement of an estate where the property passes to collateral heirs, as in this case, the testator knew the liability of inheritance taxes upon each specific legacy would attach, and that the same must be paid to the state treasurer. In paragraph First he directs that certain items "be paid out of my estate as *hereinafter directed.*" In the second paragraph he gives to two named legatees in equal shares one-half of his *gross estate*, real, personal, and mixed, including all property coming to him from the estate of his deceased wife. Here is a plain manifestation to split his gross estate in halves to give one-half thereof to these two sisters of his deceased wife. He then proceeds in paragraph 3 to point out or direct how the items mentioned in the first paragraph shall be paid and adds thereto other and additional items not mentioned specifically in the first paragraph, in this language: "And all charges against my estate of taxes, *including inheritance taxes, be paid out of the remaining one-half of my estate,* and the remainder after the payment of said debts and expenses shall be divided as follows." He then gives $500 specific legacy to the son of a deceased sister and $500 to the daughter of the same deceased sister. He then directs in the fourth paragraph that all the rest of his estate be divided between two other sisters, being the appellees in this case. We think the use of the words "including inheritance taxes" as used in this will, wherein all the property passed to collateral heirs, when not limited to some specific legacy, must necessarily refer to and include inheritance taxes on all legacies including the legacies provided for in paragraph 2 of the will. That this is the clear intent of the testator seems to us manifest by the language used. To hold otherwise is to ignore entirely the words "including inheritance taxes." We must assume that the testator understood that his executors

would be required to see that these inheritance taxes were paid; that the property could not pass otherwise to these collateral heirs. It is true that there is no mention in the second paragraph that the legacy to the legatees named therein is to go free of the inheritance tax. The words "gross estate" do have some bearing, but standing alone would not be sufficient, but when taken in connection with the evident intent, manifest by paragraph 3, to impose upon the remaining one-half of his estate the duty and obligation of paying all charges of every kind against his estate, and then adding thereto "including inheritance taxes," are evidence of clear intent to turn over to the sisters of his deceased wife, one-half of his gross estate, unburdened by any charges of any kind or character whatsover. It is purely a matter of construction of the language used.

Inheritance taxes are not and cannot be a charge against the estate proper. Hence, when the testator used the words "including inheritance taxes," he could not have had in mind a charge against his estate in the strict literal sense or use of the word "charge." He could have had in mind none other than the ordinary inheritance taxes on the right of succession to the legacies provided by him in his will, and when he points out no particular legacy or legacies and singles them out from the others in his direction to his executor, he must have intended to include inheritance taxes on all legacies. This we think must necessarily be implied in the absence of any words limiting the scope of the specific direction to the executor to pay inheritance taxes out of the remaining half of his estate. There is no ambiguity and we are constrained to hold that the interpretation placed thereon by appellees is strained and unnatural and does violence to the plain intent of the testator.

It is the holding of this court that the inheritance taxes on all legacies including the legacies provided by paragraph "Second" of said will, are payable out of the "remaining one-half" of testator's estate under paragraph "Third" of said will, and the order and finding of the trial court is accordingly reversed, and the case remanded with directions to enter an order in accordance with this opinion.—Reversed and remanded.

KINTZINGER, C. J., and ALBERT, MITCHELL, ANDERSON, DONEGAN, POWERS, PARSONS, and RICHARDS, JJ., concur.