IN RE ESTATE OF REGINA VALE TEDFORD, deceased.

No. 52020.

(Reported in 140 N.W.2d 908)

March 8, 1966.

James W. McGrath, of Keosauqua, for Bruce R. Vale, appellant.

892

Frank F. Wilson, of Mount Ayr, for Jessie M. Lesan, executrix, and Stong & Dorothy, of Keosauqua, for Vale Robert Winslow, appellees.

LARSON, J.—Regina Vale Tedford died testate on April 14, 1964, and her will was duly admitted to probate on May 1, 1964. This will, executed December 10, 1953, provided: "FIRST: I direct my Executor hereinafter named to pay and discharge all of my just debts and funeral and testamentary expenses." In the second paragraph she devised a 120-acre farm by description to Vale Roberts Winslow. In the third paragraph she devised "all the rest of my property, real, personal or mixed," to Bruce R. Vale. In the fourth paragraph she appointed an executor, and in the fifth paragraph provided: "I hereby direct that my Executor, above named, shall pay all death and inheritance taxes which may be assessed against my estate or any beneficiary under this will; and I hereby authorize my Executor, Clyde Lesan, to sell, convey, mortgage, transfer or incumber, as he shall see fit any or all of my property of which I may die seized in order to carry out the terms and provisions of this my last will and testament." It appears the farm given her niece was valued at $30,000, the remainder given to a brother was valued at $74,-373.58, and the indebtedness was estimated at $1000.

I. It is well settled that a testator may by appropriate provisions in his will shift the burden of taxation so as to relieve certain gifts at the expense of others. Courts have the task of construing such provisions according to the intent of the testator, not only by the language and arrangement of the provisions, but by all the attendant circumstances. However, where the provision is clear and there are no circumstances to suggest the intent was otherwise than as expressed in it, the courts give it full effect. In re Estate of Johnson, 220 Iowa 424, 262 N.W. 811; In re Estate of McCulloch, 243 Iowa 449, 457, 52 N.W.2d 67, and citations; Annotation, 141 A. L. R. 852.

It is appellant's position that there is nothing in the will or circumstances which clearly indicate an intention that the tax burden be placed anywhere but where the law places it, that the Iowa inheritance tax is not a property tax but is a tax upon the

right of succession, and that the same rule of apportionment is fair and just as to the federal estate tax. He assigns as error the trial court's refusal to apportion both and the costs of this declaratory action. The trial court concluded the provisions of paragraph "Fifth" was an expression of intention by the testator that the taxes, including the Iowa inheritance tax and the federal estate tax, were to be charged upon the residuary estate and were payable from the general estate. We agree.

II. The general order for abatement for payment of debts and charges, federal and estate taxes, etc., is set out in section 436 of the Iowa Probate Code, and provides abatement without any preference or priority as between real and personal property, "in the following order: 1. Property not disposed of by the will; 2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will; * * *." Section 437 provides: "If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section four hundred thirty-six (436) hereof, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator."

Thus, if it sufficiently appears testator intended these taxes and costs were to be treated as an estate expense, they must be paid from the residuary estate. In re Estate of Artz, 254 Iowa 1064, 1069, 120 N.W.2d 418.

III. The cardinal and governing rule in the construction or interpretation of a testamentary disposition, we have said repeatedly, is the intention of the testator. In re Estate of McCulloch, supra. Therein we pointed out that intention must not be ascertained from a single part or paragraph of the will, but the instrument must be read and considered as a whole, each part in connection with every other part and with the entire will, and each part given meaning and operation if possible. Also see In re Estate of Syverson, 239 Iowa 800, 804, 32 N.W.2d 799.

Succession taxes, such as our inheritance tax, must ultimately be paid by the beneficiary under the will unless the provisions and language used in the will, considered as a whole, direct otherwise. Section 450.5, Code. We have said, to provide

otherwise requires a testator direction by clear and express words or necessary implication. In re Estate of Johnson, supra.

We turn, then, to the provisions and language of the Tedford will. While paragraphs "FIRST" and "FIFTH" are separate, both clearly state "I * * * direct * * * my Executor * * * pay * * *." The first paragraph clearly means to pay from the funds of the estate the just debts, funeral and testamentary expenses, from the top of the estate or, as provided in section 436 of the Probate Code, from property devised to the residuary devisee without apportionment. This is exactly what the law requires unless the testator expressly designates some other manner of payment. The fifth paragraph states in clear language that the executor is to pay the "death *and* inheritance taxes which may be assessed against my estate *or* any beneficiary under this will." (Emphasis supplied.) It will be noted both estate taxes and inheritance taxes are grouped together in this direction, and so under section 449 of the Probate Code we must decide whether this is a direction to take all the taxes from the residue of her estate, or to prorate them all. Section 449, as amended, provides: "All federal and state estate taxes (as distinguished from state inheritance taxes) owing by the estate of a decedent shall be paid from the property of the estate, * * * unless the will of the decedent, * * * provides expressly to the contrary." It is not contended and we do not believe paragraph "FIFTH" expresses an intent to prorate the usual federal and state taxes referred to in section 449.

Our principal problem, then, is whether this paragraph, taken together with the other provisions of the will, and the circumstance that testatrix was assisted by counsel, means that the executor is to pay both the federal and state estate taxes and the inheritance taxes on the bequests from the property of the residuary devisee as provided in section 436 of the Probate Code, or pay the succession taxes in the first instance and then take them from the respective shares of the devisees.

Appellee points out that if there had been no reference made to inheritance taxes, they would have been apportioned and collected from the devisees. Viewed in that light, it would appear testatrix did not intend to do a useless thing and that she did

intend to direct the inheritance taxes, like other estate taxes, to be paid out of the residuary estate. The trial court took that view and we find in these provisions, if not by clear words, by necessary implication that the testatrix so intended.

IV. Although we have not considered this exact question previously, we pointed out in In re Estate of Millard, 251 Iowa 1282, 1292, 105 N.W.2d 95, that our inheritance tax law was borrowed from the State of New York, and that "Our law is presumed to have been adopted with the construction placed upon the New York statute by the courts of that state. Or, in accord with frequent statements, such a construction is highly persuasive." Also see Best v. Yerkes, 247 Iowa 800, 812, 77 N.W.2d 23, 30, 60 A. L. R.2d 1354.

In the case of In re Hund's Will, 266 App. Div. 379, 42 N. Y. S.2d 505, 506, under a somewhat similar situation, the New York courts held a testator was presumed to have known that his direction that debts and funeral expenses be paid out of his estate did not accomplish anything that the law would not compel in any case, that in the absence of clear direction in the will to the contrary, debts and funeral expenses would be paid out of the residuary estate, and that a testamentary provision directing executors to pay from funds of testator's estate all just debts and funeral expenses, and also any inheritance taxes imposed by law, required inheritance taxes to be paid out of the residuary estate. The court said: "Unquestionably the testator had a right, under section 124 of the Decedent Estate Law, to provide, in his will, for the payment of all inheritance taxes, by whatever name called, out of his residuary estate, instead of leaving them to become, by operation of law, a charge, pro rata, upon the several devises and legacies. The only question here involved is whether or not the testator clearly expressed an intention to make such taxes a charge upon his residuary estate." There the will provided: " 'I direct my executors to pay from funds of my estate all my just debts and funeral expenses, and also any inheritance, succession, estate or legacy taxes imposed by law * * *.' " The court then said: "Testator's direction that debts and funeral expenses should be paid out of 'funds' of his estate did not accomplish anything but what the law would com-

pel in any case. Testator is presumed to have known that. And in the absence of a clear direction, in the will to the contrary, debts and funeral expenses would be paid out of the residuary estate. In testator's mind there could have been no purpose in bracketing inheritance taxes in with debts and funeral expenses, but to direct that the taxes as well as the debts and funeral expenses were to be paid out of the same fund, namely the residuary estate." Also see In re Patterson's Will, 73 N. Y. S.2d 433; In re Herz' Estate, 203 Misc. 1077, 119 N. Y. S.2d 129; In re Cudahy's Will, 251 Wis. 116, 28 N.W.2d 340; Starr v. Watrous, 116 Conn. 448, 165 A. 459; Baylor v. National Bank of Commerce of Norfolk, 194 Va. 1, 72 S.E.2d 282.

In Starr v. Watrous, supra, the court held that while testatrix' intent to make a legacy free of tax must clearly appear, no special words are necessary to indicate or effectuate such a purpose, that testator must be deemed to have contemplated statutes concerning succession taxes, and that it must be presumed she knew that, unless directed otherwise, succession taxes would be deducted from the several legacies. It concluded, where the will directed all of testatrix' debts, funeral expenses, succession taxes, and other taxes, be paid by the executors, this effectively expressed an intention that succession taxes on legacies be paid out of the estate instead of the legacies.

In In re Cudahy's Will, supra, similar to the case at bar, the court said that while there was no specific direction to pay out of the residue, "we are of the view that the testator so intended." There the instruction as to the payment of debts, funeral expenses, and taxes, is followed by specific bequests and devises, an appointment of the executor, and a final paragraph which disposed of " 'all the rest, residue and remainder of my estate.' " The court said a direction to pay taxes, accompanied as it is by the direction to pay debts and funeral expenses, which in any case are payable before computation of the residue bequest, indicates the testator's intent to subject the residue to those items.

V. While some distinction might be made between Iowa inheritance taxes and federal estate taxes, we have indicated that in the absence of an expression otherwise by a testa-

trix, it would seem fair and just to apportion the latter also. See Kintzinger v. Millin, 254 Iowa 173, 117 N.W.2d 68. Here, however, it is quite clear the testator desired that they be handled alike, and in view of our conclusion above, both here are to be paid from the residue and not apportioned between the two devisees.

VI. Having found·no error, the judgment of the trial court that the Iowa state inheritance taxes and the federal estate taxes payable in this estate, and the cost of this action, shall be a charge against the residuary estate and shall not be paid pro rata proportionately by the devisees and legatees under the will, should be affirmed.—Affirmed.

All JUSTICES concur.