In the Matter of the ESTATE of Fred W. KRAFT, Deceased.

No. 54468.

Supreme Court of Iowa.

May 5, 1971.

Johnson, Burnquist & Erb by Arthur H. Johnson, Fort Dodge, for appellants.

McGrath & McGrath by Don L. McGrath, Eagle Grove, for appellee.

RAWLINGS, Justice.

Testator's surviving widow filed objections to accounting by executors abating residuary bequest for payment of debts and expenses. Decedent's children resisted and petitioned for declaratory judgment. Trial court sustained the widow's objections. Executors and all but two adversely affected children appeal. We reverse.

The instant will, executed June 4, 1965, by Fred W. Kraft, decedent, provides in material part:

"1. I give, devise and bequeath to my wife, Joyce E. Kraft, the Northwest Quarter (¼) of Section 33, Township 94, North, Range 26, West of the 15th P. M., Iowa, and I also bequest to Joyce E. Kraft, my homestead located at 206 South Kirkwood Avenue, Eagle Grove, Iowa, or any homestead that I may own at the time of my death.

"2. I give, devise and bequeath to Dale E. Kraft and Everett L. Kraft, share and share alike the following real estate towit: West 120 acres of the South One-Half (½) of Section 5, Township 93 North, Range 26, West of 5th P. M., Iowa.

"3. I give, devise and bequeath to my following children, Joyce L. Meyer, William P. Kraft, Julie M. Kraft and Vicki Jo Kraft, share and share alike the following described real estate towit: Northeast Fractional Quarter of Section 6, Township 93 North, Range 26, West of 5th P. M., Iowa.

"4. Subject to the foregoing I give, devise and bequeath all my property both real and personal to my wife, Joyce E. Kraft."

It is contended by decedent's widow, the foregoing bequests must stand abated in accord with The Code 1966, Section 633.436.

The appealing executors and children assert that does not conform with decedent's testamentary plan, The Code 1966,

Section 633.437 is applicable, and trial court erred in holding to the contrary.

■ I. Our review is de novo. The Code 1966, Section 633.33; In re Estate of Miguet, 185 N.W.2d 508 (Iowa), opinion filed March 11, 1971; Zion Lutheran Church v. Lamp Executors, 260 Iowa 363, 366, 149 N.W.2d 137.

II. Code §§ 633.436 and 633.437, both comparatively new, have been heretofore considered by this court on relatively few occasions. See In re Estate of Miguet, *supra*; In re Estate of Twedt, 173 N.W.2d 545 (Iowa); Bergren v. Estate of Mason, 163 N.W.2d 374 (Iowa); Zion Lutheran Church v. Lamp Executors, *supra*; In re Estate of Tedford, 258 Iowa 890, 140 N.W. 2d 908.

Since the cited statutory enactments are vital to a determination and understanding of the instant case they are here set forth at length.

"633.436 Except as provided in section 633.211, shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, legacies, the shares of children born or adopted after the making of a will, or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:

"1. Property not disposed of by the will;

"2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

"3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;

"4. Property specifically devised, except property devised to a surviving spouse who takes under the will;

"5. Property devised to a surviving spouse who takes under the will.

"A general devise charged on any specific property or fund shall, for purposes of abatement, be deemed property specifically devised to the extent of the value of the property on which it is charged. Upon the failure or insufficiency of the property on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

"633.437 If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section 633.436, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator."

III. In support of their position the appealing executors and children presented extrinsic trial evidence upon the theory it was admissible and should be considered because "subject to the foregoing", found in paragraph 4 of the will, *supra,* is ambiguous, or in any event proper under Code § 633.437, *supra,* for the purpose of determining decedent's testamentary plan.

It is neither necessary nor do we rest our holding *infra* on any such testimonial showing.

In re Estate of Twedt, 173 N.W.2d 545 (Iowa), involved a problem similar to that here presented.

The *Twedt* case was submitted on pleadings and a stipulation disclosing decedent left an estate worth about $700,000, including joint tenancy property having a value of approximately $90,000. The remainder consisted of real and personal property wholly owned by testator. His will directed, (1) payment of all debts and costs of administration (2) a specifically described farm be sold and proceeds distributed to eleven designated charitable beneficiaries, (3) all residue pass to the widow.

In holding Code § 633.437 applicable we quoted this from trial court's decree, *loc. cit.*, 173 N.W.2d 548:

" ' * * * this is one of those unusual cases. Consider "the testamentary plan" alone. Here was a man possessed of substantial resources to provide for his widow. With the joint tenancy property and the property in the estate, even after all taxes are paid and the charitable gift is fulfilled, abundant assets still exist for the widow. Testator selects his favorate charities and sets aside a farm for them. He makes his will and gives them the proceeds of the farm, and the balance to the widow. He had legal counsel and no doubt knew that the charitable gift was deductible.

" 'Now what would application of regular abatement do? It would wipe out the charitable gift, just contrary to testator's expectations and his testamentary plan. If he had possessed any notion that such result would ensue, he would not have gone to the bother of inserting the charitable gift in the will; to do so was a completely idle act. * * *

" 'The Court concludes in this particular situation that application of regular abatement would frustrate the testamentary plan so substantially that the estate taxes should fall on the residuum in order to effectuate testator's intention. * * *.' "

As stated in 20 Drake L.Rev. 288, 328: "The *Twedt* situation was held * * to be a proper case for amelioration of the abatement which would otherwise have entirely defeated the charitable gift." In the case at bar no such showing is made regarding specific bequests contained in the will. Briefly stated, Code § 633.436, *supra,* must here control unless an exception is disclosed, invoking application of § 633.437, in which event testamentary intent would be controlling.

IV. In the case of In re Estate of Miguet, 185 N.W.2d 508 (Iowa), opinion filed March 11, 1971, we said:

"Inceptionally it is well settled, in cases such as this, (1) testator's intent is the polestar and if expressed must control; (2) that intent must be gleaned from a consideration of, (a) all language contained within the will, (b) the scheme of distribution, (c) circumstances surrounding testator at time the will was executed, (d) existing properly established facts; and (3) technical rules of construction should be resorted to only if the will is clearly ambiguous, conflicting, or testator's intent is for any reason uncertain."

See also In re Estate of Thompson, 164 N.W.2d 141, 146 (Iowa).

V. The first question posed is whether the phrase "subject to the foregoing" as employed in paragraph 4 of decedent's will is ambiguous or testator's intent for any reason uncertain.

Trial court found the will free from ambiguity, concluded the foregoing phrase merely limited all residue bequeathed to property not previously described, and ordered abatement pursuant to Code § 633.-436.

We concede the will is unambiguous, but for reasons set forth *infra* cannot agree with the foregoing conclusion and order.

It is to us evident trial court improperly attributed to the subject phrase a meaning too limited or restricted.

Black's Law Dictionary, Revised Fourth Ed., page 1594, defines "subject to" as, "Liable, subordinate, subservient, inferior, obedient to; governed or affected by; * * *."

To the same effect is this statement in 83 C.J.S. Subject page 554:

"The term 'subject,' which is frequently employed with the preposition 'to,' is variously defined as meaning to bring under control, power, or domination; to make subservient; to make liable; to make subject; to subordinate; to cause to become subject or subordinate; to

subdue; also to become servient, subservient, or subordinate to."

See also Bulger v. McCourt, 179 Neb. 316, 138 N.W.2d 18, 22; Renner v. Crisman, 80 S.D. 532, 127 N.W.2d 717, 721.

VI. Absence in the will of any provision for payment of debts and charges is of no particular significance.

"When a will provides, as most wills do, that the executor shall pay the just debts and funeral expenses, it merely recites the duty which every executor or administrator would have under the law * * *." Luckenbill v. Bates, 220 Iowa 871, 875, 263 N.W. 811, 813. Accord, In re Estate of Tedford, 258 Iowa 890, 895–896, 140 N.W.2d 908. The same rule unquestionably applies to estate charges as defined by The Code 1966, Section 633.3(4). See The Code 1966, Sections 633.425, 633.426, 633.435, 633.449.

■ Stated otherwise, a testamentary provision for payment of all debts and charges is prefatorily impressed by law upon every will.

■ It is also assumed testator was aware of this rule, or in any event knew that all just debts and expenses attendant upon administration of his estate must be paid.

In that regard this court has said: "It is true, we cannot make a new will or substitute one provision for another, *but we have the right, in determining the intent, to consider what the testator must have known,* * * *." (Emphasis supplied). In re Estate of Ritter, 239 Iowa 788, 799, 32 N.W.2d 666, 672. Accord, In re Estate of Tedford, *supra*.

■ Mindful thereof we look again to the paragraph 4 phrase, "subject to the foregoing". Surely, in the absence of a clearly expressed qualification, testator did not thereby mean the residual estate should stand *partially* subordinate or subservient to "the foregoing". In other words, it is apparent testator intended the paragraph 4 residuary bequest stand totally or entirely subordinate to all impressed debts, charges, and prior bequests specifically declared.

Resultantly it can only be concluded, decedent here manifested a testamentary plan to the effect the residual bequest should be subject or subordinate to, (1) payment of all his just debts and estate charges, (2) those bequests specifically set forth in paragraph 1, 2 and 3 of his will. Under these circumstances Code § 633.436, *supra*, is not instantly applicable or controlling.

VII. The foregoing conclusion is accorded more than minimal support by paragraph 1 of the will under which testator specifically devised to his wife, the present widow, a described farm, and the homestead. Upon electing to take under the will she accepted that, with the paragraph 4 residual bequest, in lieu of dower. This beneficiary is therefore instantly deprived of no right under the interpretation heretofore accorded decedent's will. See In re Estate of Hartman, 233 Iowa 405, 9 N.W.2d 359. Accord, In re Estate of Twedt, 173 N.W.2d 545, 547–548.

We are satisfied the above holding appropriately reflects decedent's testamentary plan as evidenced by his will.

This case must be accordingly reversed and remanded for entry of a decree consistent herewith.

■ VIII. The instant action was neither improperly nor unnecessarily commenced and pursued. Costs attendant upon this appeal are therefore taxed to the estate to be assessed as part of administration expenses. See Court Rule 23; In re Estate of Miguet, 185 N.W.2d 508 (Iowa), opinion filed March 11, 1971.

Reversed and remanded.

MOORE, C. J., and MASON, BECKER and REES, JJ., concur.

LeGRAND, STUART and UHLEN-HOPP, JJ., dissent.

REYNOLDSON, J., takes no part.

LeGRAND, Justicet (dissenting).

I must dissent from the conclusion reached by the majority because, despite protestations to the contrary, I believe the opinion *does* remake decedent's will by determining—unjustifiably—that section 633.-436 of The Code should be shunted aside in favor of section 633.437.

In doing so the majority not only circumvents the clear legislative purpose set out in the abatement statutes but also defeats the testator's expressed intent. The legislature provided that section 633.436 should govern the order of abatement unless "the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be [thereby] defeated." In other words, abatement under 633.436 is to be the rule and the application of section 321.437 the exception. In my opinion the majority completely reverses this priority.

I agree with the majority's statement that the language of the will is unambiguous. I agree, too, that the testator undoubtedly knew all debts and charges must be paid from the assets of his estate whether he so specified or not; but that is not the point. The issue is not whether he knew those items must be paid, but rather his intention as to the source from which payment should come.

Actually when the majority refers to the testator's knowledge of the law concerning the liability of his estate to pay existing debts and charges, it is making an argument *against* the result reached rather than *for* it. Once it is assumed he knew these items must be paid out of his estate, his failure to make the residuary bequest subject to them, while at the same time being careful to state what that provision *was*

subject to, strongly suggests the omission was not inadvertent.

The majority disregards the preference which the legislative plan gives the surviving spouse in each step of the abatement statute. In re Estate of Twedt, Iowa, 1970, 173 N.W.2d 545, 547. Such preference is not dependent alone on the fact that ordinarily a testator's first desire is adequate provision for his surviving spouse above all others, but results also from the rule that the terms of a will in favor of a surviving spouse are not gratuitous. The survivor gives up the statutory dower right by consenting to take under the will and is considered a purchaser for value. In re Estate of Hartman, 233 Iowa 405, 409, 9 N.W.2d 359, 362; Nolte v. Nolte, 247 Iowa 868, 880, 76 N.W.2d 881, 888; In re Estate of Twedt, Iowa, 1970, 173 N.W.2d 545, 548.

We are considering here a *residuary bequest to a surviving spouse.* Under the plain provisions of section 633.436 this abates last. The statute provides that "shares of the distributees shall abate * * * in the following order:

"1. Property not disposed of by the will;

"2. Property devised to the residuary devisee, *except property devised to a surviving spouse who takes under the will;*

"3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, *except property devised to a surviving spouse who takes under the will;*

"4. Property specifically devised, *except property devised to a surviving spouse who takes under the will;*

"5. Property devised to a surviving spouse who takes under the will." (Emphasis added.)

It seems indisputable that *all* the property described in subsections two, three and four (which specifically exclude property devised to a surviving spouse who takes under the will) must be exhausted before

property devised to the surviving spouse abates under subsection five. There is simply nothing in this will to indicate the testator intended this statutory preference in favor of his widow should not apply. To hold, as the majority does, that section 633.437 controls is to emasculate, if not virtually repeal, the provisions of subsection two of section 633.436.

The insurmountable difficulty, it seems to me, is that the testator explicitly sets out what the residuary bequest was subject to—the specific bequests in favor of his children and *nothing else*. The majority says that because his debts and charges must be paid he must have intended payment to come from the residuary bequest. This is a non sequitur arrived at by doing violence to well established principles of testamentary construction.

The majority spends some considerable time in defining the meaning of "subject to" as used in Paragraph 4 of the will; but that isn't what causes the trouble. "Foregoing", not "subject to", is what requires explanation.

Simply stated, "foregoing" means that which has gone before. The Random House Dictionary (1966); Webster's International Dictionary (Third Ed.). The majority, however, enlarges its meaning to include a provision *which is not in the will at all*; and, having judicially supplied the missing language, it then goes on to decide what the testator *would* have meant had he used it in the first place. I find it impossible to agree with such a free interpretation of this will.

Specifically, I cannot accept the conclusion of the majority that "it is apparent testator intended the paragraph 4 residuary bequest stand totally or entirely subordinate to all impressed debts, charges, and prior bequests specifically declared."

None of the authority cited by the majority supports this view. In re Estate of Twedt, supra, mentioned in both the majority opinion and in this dissent is easily distinguishable on its facts. There the provision in favor of certain charitable beneficiaries would have been nullified from the very moment the will was prepared if the abatement rules of section 633.436 were applied. We held that under those circumstances the testator must be presumed not to have intended a useless and futile bequest. Zion Lutheran Church v. Lamp, 260 Iowa 363, 149 N.W.2d 137, held there was insufficient evidence to defeat the abatement provisions of section 633.436. If anything, it is helpful to this dissent. The other cases do not touch the particular problem facing us here.

I would affirm the trial court.

STUART and UHLENHOPP, JJ., join in this dissent.