Esther Brocka **FOLKERDS**, Executor of the Estate of A. C. Brocka, Deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. 71-C-2029-C.

United States District Court, N. D. Iowa, Central Division.

July 19, 1973.

Van Eman, Mulder, Klinkenborg & Rolfs, Parkersburg, Iowa, and Allen E. Brennecke, Marshalltown, Iowa, for plaintiff.

Evan H. Hultman, U. S. Atty., Cedar Rapids, Iowa, and Robert J. Hipple, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon cross-motions for summary judgment filed by the parties to this action. This is an action brought pursuant to 28 U.S.C., Section 1346(a)(1) for recovery of federal estate taxes allegedly overpaid. All material facts have been stipulated by the parties. The only issue before the Court is whether the Estate of A. C. Brocka should have been allowed a marital deduction (26 U.S.C., Section 2056). This, in turn, is determined by examining whether the statute in the Iowa Probate Code prescribing the general order for abatement (Iowa Code Section 633.436) or the statute prescribing the contrary provision as to abatement (Iowa Code Section 633.437) should apply to these facts.

The Court will briefly recite the material stipulated facts.

Plaintiff, Esther Brocka Folkerds, is the executrix of the Estate of A. C. Brocka, decedent, who died testate on July 24, 1969, a resident of Butler County, Iowa. The decedent was survived by plaintiff, his only child, and his wife, Mary Ellen Brocka.

Decedent executed his Last Will and Testament, the material portions of which are set out in the margin,[1] on February 16, 1959. At the time of the execution of his will, and throughout his active adult life, decedent was engaged in the business of farming, which constituted his principal source of income and the means whereby he supported his family.

At the time of the execution of his probated will, decedent had interests in five farm properties, each of which were specifically devised either to his wife or his daughter. The four properties addressed in Item Two of the Will, which included decedent's homestead, were devised to his wife for life, remainder to his daughter. These properties comprised the bulk of the decedent's gross estate and had a net date of death value of $178,667. The fifth property was devised outright, pursuant to Item Three of the Will, to plaintiff, whose husband was also engaged in the farming business. This fifth parcel had a date of death value of $70,000. The decedent acquired an interest in two farm properties, with an aggregate date of death value of $25,080, after the execution of his probated will.

The only issue in this action is the appropriate amount, if any, of the marital deduction available to the Estate of A. C. Brocka, pursuant to the provisions of Section 2056, Internal Revenue Code of 1954. This issue can be resolved by a determination of the net value of the property, if any, which properly passed to decedent's wife as residuary beneficiary under her husband's will.[2]

Plaintiff contends that such property had a date of death value of $61,641.44. It is the defendant's contention that no property properly passed to decedent's wife pursuant to the residuary bequest, and consequently plaintiff's claimed marital deduction has been disallowed in its entirety. Plaintiff has paid an additional $17,001.25 of federal estate taxes as a result, and brings suit for recovery of that amount.

1. The pertinent portion of the Last Will and Testament of A. C. Brocka, dated February 16, 1959, is as follows:

ITEM ONE

I direct that the cost of my last illness, my funeral expense and the cost of the administration of my estate and my legal debts be first paid.

ITEM TWO

I give, devise and bequeath unto Mary Ellen Brocka for the period of her natural life the use, income and control of all of the real estate hereinafter described, to-wit:

The Northeast Quarter of Section Nine, Township Ninety, Range Sixteen, Butler County, Iowa.

The Northeast Quarter of Section Twenty-four, Township Ninety-one, Range Sixteen, Butler County, Iowa.

The East one-half of the Southeast Quarter of Section thirty-four, Township Ninety-one, Range Seventeen, Butler County, Iowa.

The West one-half of the Northwest Quarter of Section Seventeen and the East twenty acres of the East one-half of the Northeast Quarter of Section Eighteen, Township Ninety-one, Range Fifteen, Butler County, Iowa,

for the period of her natural life she to have the use, income and control thereof as long as she may live with the remainder over to my daughter, Esther Brocka-Folkerds and her heirs forever. My wife to receive the rest residue and remainder of my estate, except Item Three hereof.

ITEM THREE

I give, devise and bequeath

The East one-half of the Northwest Quarter and the West one-half of the Northeast Quarter of Section Thirty-five, Township Ninety-two, Range Sixteen, Butler County, Iowa,

to my daughter, Esther Brocka-Folkerds, and her heirs forever.

2. All interests which passed to decedent's wife other than those which plaintiff asserts were conveyed via the residuary clause fail to qualify for marital deduction treatment as "terminable interests" pursuant to Section 2056(b).

It is uncontested that after satisfaction of the specific bequests set forth in Items Two and Three of decedent's will, and before satisfaction of any debts or charges outstanding against his estate, there was available in his estate property with a date of death value of $65,367.45. Plaintiff contends that this property was properly available in its entirety for distribution to the decedent's spouse pursuant to her residuary bequest.[3] Defendant contends that this property must first be reduced by the debts and charges enumerated in Item One of decedent's will, and must further abate for the payment of federal estate taxes pursuant to Iowa law. If the defendant is correct, no property is available for distribution under the residuary clause.

## I.

■ Initially, the Court must determine the effect of a prior judgment by the Iowa District Court in and for Butler County upon this lawsuit. Shortly after the death of A. C. Brocka, his wife, Mary Ellen Brocka, also died. For purposes of determining the valuations and rights of the two estates with regard to various assets, a declaratory judgment proceeding was brought in Butler County District Court. On July 20, 1970, the State District Court held that the general order of abatement contained in Section 633.436 applied to the Estate of A. C. Brocka. The Federal Government was not a party to that action, and so plaintiff cannot assert *res judicata* or collateral estoppel against the Government in this proceeding. Freuler v. Helvering, 291 U.S. 35, 54 S. Ct. 308, 78 L.Ed. 634 (1934); *See* Allan D. Vestal, Res Judicata/Preclusion (Matthew Bender & Co., New York, 1969). Plaintiff acknowledges this, but argues that the Internal Revenue Service failed to give the decision of the State district court "proper regard" in determining the estate tax liability of the Estate of A. C. Brocka.

■ Plaintiff relies upon Commissioner v. Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). There the Supreme Court held that the state trial court determinations are not "final and binding" for federal estate tax purposes. The court further stated, however, that state court determinations were to be given weight, even if the decision was not controlling. A fair reading of the *Bosch* decision indicates that the weight to be given state district court opinions depends upon the extent to which the action in the state court was contested— or, in other words, whether the action was "a bona fide adversary proceeding."

The Court has before it the record of the entire proceedings in Probate No. 8176 before the Butler County District Court. It appears quite clearly that, in that proceeding, the abatement issue was not contested; the court's order simply reflects the pleadings and joint motion of the parties to the action. This Court feels that the Internal Revenue Service was correct in refusing to be bound by the decision of the Butler County District Court, and further holds that the decision will be given very little weight in the determination to be made by this Court. *Bosch, supra.*

## II.

■ The law which controls the ultimate placing of the estate tax burden is the law of the state in which the estate is being administered. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L. Ed. 106 (1942); United States v. Goodson, 253 F.2d 900, 902 (8th Cir. 1958).

The Iowa Probate Code was enacted in 1963, and so the Court will devote its attention to the Iowa cases decided subsequent to 1963. There are four Iowa cases dealing with the problem before

3. The disparity between the $65,367.45 claimed by plaintiff to have passed to decedent's spouse under the residuary clause and the $61,641.44 claimed marital deduction is occasioned by the Iowa death tax burden which was borne by the residuary property, thus reducing the amount available for marital deduction treatment.

this Court. The first, Bergren v. Estate of Mason, 163 N.W.2d 374 (Iowa, 1968), merely states that federal estate taxes cannot be apportioned and must be paid from the residue as the first source available, in the absence of direction in the will to the contrary.

The remaining three cases deal squarely with the problem of abatement when the surviving spouse is named in the residuary clause.

In re Estate of Twedt, 173 N.W.2d 545 (Iowa, 1970), involved a will in which a specifically described farm was given to charity and then the entire residue of the considerable estate was given to the wife. The issue there was which bequest would abate to pay the federal estate taxes, that issue turning upon whether Section 436[4] or Section 437[5] applied.

Therein the court cogently analyzed the problem:

> "Whenever the residuary clause names the surviving spouse the abatement problem will arise under section 633.436 even though there are sufficient funds to pay all debts and charges and all legacies. This is true because the availability of the residuary fund is cut off by the plain terms of the section to the extent of the surviving spouse's interest. * * *

> "If section 633.436 applies to this case, *and section 633.437 does not apply*, the executrix's position is irrefutable. The section evidences a clear intent on the part of the legislature to protect the interest of the surviving spouse. Each section dealing with property that passes under the will specifically protects the property passing to the spouse down to the very last source. Then, and then only, does the legislature make the spouse's share subject to debts and charges. (The legacies will already have been eliminated.)

> \* \* \* \* \* \*

> "The regular order to abate is inapplicable by virtue of Section 633.437 when it would defeat:

> "(a) The provisions of the will, or

> "(b) The testamentary plan, or

> "(c) The express or implied purpose of the devise.

> \* \* \* \* \* \*

"In reaching its conclusion the trial court followed the rules recently reiterated in In The Matter of the Estate of Lamp, Iowa, 172 N.W.2d 254, where

---

4. Iowa Code Section 633.436 provides as follows:

General order for abatement. Except as provided in section 633.211, shares of the distributees shall abate, for the payment of debts and charges, federal and state estate taxes, legacies, the shares of children born or adopted after the making of a will, or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:

1. Property not disposed of by the will;
2. Property devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;
3. Property disposed of by the will, but not specifically devised and not devised to the residuary devisee, except property devised to a surviving spouse who takes under the will;
4. Property specifically devised, except property devised to a surviving spouse who takes under the will;

5. Property devised to a surviving spouse who takes under the will.

A general devise charged on any specific property or fund shall, for purposes of abatement, be deemed property specifically devised to the extent of the value of the property on which it is charged. Upon the failure or insufficiency of the property on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

5. Iowa Code Section 633.437 provides as follows:

Contrary provision as to abatement. If the provisions of the will, the testamentary plan, or the express or the implied purpose of the devise would be defeated by the order of abatement stated in section 633.436, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator.

we said: 'Our position in will construction cases was well summarized in In re Estate of Larson, 256 Iowa 1392, 1395, 131 N.W.2d 503, 504. There we said the law is well settled (1) the testator's intent is the polestar and if expressed must prevail; (2) his intent must be gathered from a consideration of (a) all the language contained in the four corners of his will, (b) his scheme of distribution, (c) the circumstances surrounding him at the time he made his will, (d) the existing facts; and (3) technical rules or canons of construction should be resorted to *only* if the language of the will is clearly ambiguous or conflicting or the testator's intent is for any reason uncertain. (Citations)."

The Supreme Court of Iowa then went on in *Twedt* to adopt the opinion of the trial court. The trial court, and the Supreme Court by reference, held that the obvious testamentary plan of giving a parcel of land to charity would be completely frustrated by the general abatement rule found in Section 436. Reasoning that the bequest to charity was not idly made, and that the wife was amply provided for in any event, the court held that the alternate provisions of abatement found in Section 437 should apply.

The *Twedt* decision was followed approximately one year later by In re Estate of Kraft, 186 N.W.2d 628 (Iowa 1971). In *Kraft* the decedent devised specific real estate, including the homestead, to his wife. He also made devises of specific real estate to other relatives. He then devised all real and personal property to his wife, subject to the specific bequests above described. The Supreme Court held that it was evident from a reading of the will that the testator impliedly desired that all debts and charges be paid first, and that the decedent intended the residual bequest to his wife to be subject to debts and charges (including federal estate taxes) as well as the specific bequests. The court held

that Section 437 should apply in that case.

The final case pertinent to the instant problem is In re Estate of Noe. 195 N. W.2d 361 (Iowa, 1972). The will in *Noe* provided that the wife receive all personalty absolutely. In addition, the wife received a life estate in all real property, remainder to five children, each devised a specific parcel. The executor contended that the intent of the testator was to preserve intact the realty to the remaindermen. The Supreme Court held, however, that the intent of the testator was to preserve the personalty in his wife. In support of the holding, the court quoted this rule of law:

"* * * if a testamentary provision is reasonably susceptible to two constructions, one making it void or inoperative, the other rendering it valid and effective, the latter must be accepted, the former rejected." Accord, Layton v. Tucker, 237 Iowa 623, 626, 23 N.W.2d 297.

Section 436 applied to the facts in *Noe*.

In the action before this Court, both parties have strenuously attempted to show that the facts in this case are squarely apposite to those in one of the cases decided by the Supreme Court of Iowa—the plaintiff compares the case to *Noe*; the Government compares the case to *Twedt*. The Court, however, finds this instant case to be somewhat dissimilar to any of the cases decided by the Iowa high court.

Perhaps the only apparent principle to be gleaned from the three Iowa cases is that whenever a will can be construed in such a manner so that abatement will not completely destroy any devise, the will will be construed in such a manner. In the instant case, however, one of two devises must go—either the farm to the daughter or the residue to the wife. Thus, the Court must apply the principles stated in *Twedt*, *Kraft*, and *Noe*, and determine which devise the testator intended to preserve over the other. If no clear intent can be found,

then, of course, Section 436 dictates that the residue to the wife be preserved.

 It is unclear under Iowa law whether the Court can use extrinsic or parol evidence to determine the intent of the testator. *Twedt* suggests that the Court can; *Noe* suggests that the Court cannot, unless the will is ambiguous. Here, the Court finds, however, that the will of A. C. Brocka is sufficiently clear so that the Court need not resort to extrinsic evidence to determine intent, irrespective of whether such evidence is admissible.

Upon examination of the language contained within the four corners of the will, and upon construing the will as a whole, the Court concludes that it was clearly the intent of the decedent to preserve the specific parcel of real estate he bequeathed to his daughter. Quite simply stated, it was clearly the testator's intent that his wife have a life estate in four parcels of land, with the remainder to the daughter. Additionally, the daughter was to have one certain parcel of land outright. Finally, the testator intended that the wife was to have the residue, *if any such residue existed.*

With all due respect for plaintiff's strenuous efforts to bring this case squarely within the facts of *Noe*, there are differences between the two cases which compel different results. In *Noe*, the testator specifically mentioned "personalty" as going to the wife. This was his first and paramount intention. In the instant case, the word "personalty" is in no place specifically mentioned, and, by reasonable inference, the bequest of personalty to the wife in the residuary clause was the most subordinate wish of the testator.

If the Court were to heed the plea of the plaintiff to save the personalty in the wife at all costs, the Court would be giving the concept of personalty a talismanic quality which would be totally without sanction in Iowa law.

The Court, therefore, concludes that the intent of the testator would be better served if the alternative rule of abatement found in Section 437 were applied and the residue to the wife abated.

Accordingly, it is ordered that the defendant's motion for summary judgment be, and it is hereby granted.

It is further ordered that plaintiff's motion for summary judgment be, and it is hereby, denied.